SCHNEIDER WALLACE
COTTRELL KONECKY LLP

John J. Nestico (N.Y. SBN 1724020)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (Cal. SBN 166977)*
David C. Leimbach (Cal. SBN 265409)*
Kristabel Sandoval (Cal. SBN 323714)*
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
ksandoval@schneiderwallace.com

William M. Hogg (Tex. SBN 24087733)*
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

* - To apply for admission *Pro Hac Vice*

*Attorneys for Plaintiff and Class members*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAYLOR LINK, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MARSHALL HOTELS & RESORTS, INC.;<br>MARSHALL PAYROLL SERVICES, LLC;<br>OASIS OUTSOURCING CONTRACT II, INC.<br>　　　　　Defendant. | Case No.  3:20-cv-805 (DNH/ML)<br><br>**CLASS ACTION COMPLAINT**<br><br>**CLAIMS FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      Plaintiff Taylor Link, individually and on behalf of all others similarly situated, brings this class action against Defendants Marshall Hotels & Resorts, Inc., Marshall Payroll Services, LLC, and Oasis Outsourcing Contract II, Inc. (collectively "Defendants") on behalf of individuals who have worked for Defendants as non-exempt workers paid on an hourly basis. This case implicates Defendants' longstanding policies and practices of failing to provide proper wage statements, failing to properly compensate all non-exempt service workers for all hours worked, and failing to pay minimum wages.

2.      Plaintiff and Class members bring the following causes of action to challenge Defendants' policies and practices of: (1) failing to provide Plaintiff and Class members accurate, itemized wage statements that include all categories of information as required by N.Y. Lab. Law § 195(3); (2) failing to pay Plaintiff and Class members for all hours worked as required by N.Y. Lab. Law § 190 *et seq.*; and (3) failing to pay minimum wages under the New York Minimum Wage Act.

3.      Plaintiff files this action to recover all unpaid wages, compensation, penalties, liquidated damages, and other damages on behalf of herself and Class members under New York state law as a class action under Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendants integrated into their payroll policies that have deprived Plaintiff and Class members of their lawfully earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

4.      This court has federal question jurisdiction over the subject matter of Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23 class action

claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and at least one of the Defendants are citizens of difference states. Moreover, the number of proposed class members in New York is believed to exceed 100.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants operate properties in this district, employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

6.      Plaintiff Taylor Link is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of New York, County of Orange. Plaintiff was employed as a waitress and bartender by Defendants at the DoubleTree in Binghamton, New York from approximately June 2017 to August 2017.

7.      The Wage Statement Class members are all non-exempt workers who are or who have been employed by Defendants, in their individual employer capacities as well as their capacity as joint employers, within the State of New York and who received an itemized wage statement from Defendants within the six years preceding the filing of this Complaint until resolution of the action.

8.      The Minimum Wage Class members are all workers employed by Defendants, in their individual employer capacities as well as their capacity as joint employers, as hourly non-exempt service worker employees, including but not limited to, food and beverage servers, waiters, room service workers, bartenders, bussers, and other similar hourly and non-exempt service workers throughout the State of New York within the six years preceding the filing of this Complaint until resolution of the action.

9.    Plaintiff is informed, believes, and thereon alleges that Defendant Marshall Hotels & Resorts, Inc. is a Maryland corporation, with its principal executive office in Maryland, and is registered to do business in New York. Marshall Hotels & Resorts, Inc. may be served with process by serving its registered agent, Michael P. Marshall, 1315 South Division Street, Salisbury, Maryland 21804.

10.   Plaintiff is informed, believes, and thereon alleges that Defendant Marshall Payroll Services, LLC is a Maryland limited liability corporation with its principal office in Maryland. It is not registered to do business in New York but appears as the employing entity on Plaintiff's earning statements. Marshall Payroll Services, LLC may be served with process by serving its registered agent, Robert L. Stephens, 1405 Wesley Drive, Salisbury, Maryland 21801.

11.   Plaintiff is informed, believes, and thereon alleges that Defendants Marshall Hotels & Resorts, Inc. and Marshall Payroll Services, LLC, individually and/or jointly, own, operate, and maintain hotels throughout the United States, including in New York state. Plaintiff is informed, believes, and thereon alleges that each Defendant employs Class members, among other hourly employees, throughout the United States, including in New York.

12.   Plaintiff is informed, believes, and thereon alleges that Defendant Oasis Outsourcing Contract II, Inc. is a Florida corporation, with its principal executive office in Florida, and is registered to do business in New York. Oasis Outsourcing Contract II, Inc. may be served with process by serving its registered agent National Corporate Research, Ltd., 122 East 42nd Street, 18th Floor, New York, New York 10168. Upon information and belief, Defendant Oasis Outsourcing provides third party human resources and payroll services to its clients, including Marshall Hotels & Resorts, Inc. and/or Marshall Payroll Services, LLC.

13.   Defendant Oasis Outsourcing Contract II, Inc. provides Plaintiff and Class

members with their W-2 forms for work performed at Marshall Hotel properties. Defendant Marshall Payroll Services, LLC provides Plaintiff and Class members with their itemized wage statements for work performed at Marshall Hotel properties.

14.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this Complaint, Defendants are and were the agents and employees of their co-defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

15.     Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the others, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

16.     Plaintiff is informed, believes, and thereon alleges that Defendants directly control the operations of their agents. Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercised control over Plaintiff and Class members with respect to their employment.

17.     As joint employers of Plaintiff and Class members throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for penalties for violating New York Labor Law, rules and regulations, and other state laws, with respect to the employment of Plaintiff and Class members.

18.     Throughout this Complaint, any reference to "Defendant" or "Defendants" is intended to refer to Defendants Marshall Hotels & Resorts, Inc., Marshall Payroll Services, LLC, and Oasis Outsourcing Contract II, Inc. jointly.

19.     At all material times, Defendants have done business under the laws of New York,

have continuously maintained physical places of business in New York, including in this district, and have employed Class members in this district and elsewhere throughout New York. Defendants are "employers" within the meaning of N.Y. Lab. Law § 651(6).

20.    Defendants acted and continue to act as joint employers of Plaintiff and Class members because they jointly, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and Class members. Upon information and belief, Defendants jointly employ Class members with each other and/or with other currently unknown entities, because Defendants jointly, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

21.    Defendant Marshall Hotels & Resorts, LLC, according to its website, operates multiple hotels, and employs Class members, throughout the State of New York and the United States.

## FACTUAL ALLEGATIONS

22.    Defendants operate a chain of hotels, restaurants, and resorts throughout the United States and New York, including but not limited to the DoubleTree which is located in Binghamton, New York. Defendants employ hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

23.    Plaintiff worked for Defendants at the DoubleTree Hotel in Binghamton as a waitress and bartender from approximately June 2017 to August 2017. Plaintiff was paid at an hourly rate of $7.50 plus tips. To the best of her recollection, Plaintiff was regularly scheduled to work approximately 6 to 7 hours for each waitressing shift and 11 to 12 hours for each bartending shift. Plaintiff generally worked four days per week. On average, Plaintiff worked approximately 25 to 35 hours per week.

24.    Wage Statement Class members are non-exempt workers who have received an itemized wage statement from Defendants while working for Defendants in New York.

25.    Minimum Wage Class members were and are employed by Defendants as waiters, bartenders, bussers, and other similarly situated service workers.

26.    Class members report to a facility owned, operated, or managed by Defendants to perform their jobs.

27.    Class members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

28.    Class members are required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

29.    At the end of each pay period, Class members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

30.    As a matter of policy and/or practice, Plaintiff and Class members perform work while off-the-clock with Defendants' knowledge and are denied compensation for the time spent engaging in this off-the-clock work. Plaintiff and Class members' off-the-clock work includes cleaning, reorganizing the walk-in and refrigerator areas, and performing various other tasks after clocking out from their shifts. Defendants discourage Plaintiff and Class members from recording work hours performed outside of their scheduled shifts. However, Defendants require Plaintiff and Class members to work past their normal work hours and do not compensate them for this time.

31.    For example, Plaintiff would clock out at the end of her shift when her work was completed; thereafter, her manager would check her work and tell her that certain tasks did not meet the standards. Plaintiff had to redo this work while off-the-clock. This practice affected other Class members as well in a similar fashion. On average, Plaintiff spent 15 to 20 minutes once per

week performing post-shift off-the-clock work.

32.    As a result of this policy and/or practice, Defendants deny Plaintiff and Class members all the wages which they are lawfully owed.

33.    Defendants' common course of wage-and-hour abuse also includes Defendants' failure to provide Class members, including Plaintiff, accurate itemized wage statements as required by New York law. The wage statements Defendants provide do not include one of the categories of information required by New York law that employers must provide in a wage statement: the employer's phone number. The wage statements also do not accurately reflect all hours worked by Plaintiff and Minimum Wage Class members, since the wage statements do not include time worked while off-the-clock.

34.    Upon information and belief, Defendants utilized the same form wage statement for all Class members at all of Defendants' locations throughout the state. All of these wage statements therefore uniformly lacked the requisite category of information as required by New York law.

35.    Defendants have employed hundreds of people similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint.

36.    Defendants' method of paying Plaintiff and Class members is willful and is not based on a good faith and reasonable belief that their conduct complies with New York law.

37.    Defendants' willful conduct, carried out in bad faith, caused significant damages to non-exempt employees in an amount to be determined at trial.

## RULE 23 CLASS ACTION ALLEGATIONS

38.    Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Classes that

Plaintiff seeks to represent are defined as follows:

### Wage Statement Class

**All current and former non-exempt employees issued a wage statement by Defendants while employed at any location owned, managed, or operated by Defendants throughout the state of New York, at any time starting six years prior to the filing of this Complaint until resolution of this action.**

### Minimum Wage Class

**All current and former hourly, non-exempt employees, including but not limited to servers, waiters, bartenders, bussers, room service workers, or other employees with similar job duties employed by Defendants in New York any time starting six years prior to the filing of this Complaint until resolution of this action.**

39.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

40.    <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of New York Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable. Furthermore, the identities of the New York Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the New York Class and Defendants.

41.    <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the New York Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

a. Whether Defendants fail to provide Wage Statement Class members with all requisite categories of information in the itemized wage statements provided to Class members in violation of N.Y. Lab. Law §193;

b. Whether Defendants fail to pay Plaintiff and Minimum Wage Class members for all hours worked as required by N.Y. Lab. Law § 190 *et seq.*;

c. Whether Defendants fail to pay Plaintiff and Minimum Wage Class members all cash wages owed as required by N.Y. Minimum Wage Act;

d. Whether Defendants fail to provide Minimum Wage Class members with timely, accurate itemized wage statements reflecting all hours worked in violation of N.Y. Lab. Law § 193;

e. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

42.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Classes. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

43.    <u>Adequacy of Representation</u>:  Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

44.    <u>Superiority of Class Action</u>:  A class action is superior to other available means for

the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

45.    In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

46.    If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial and legal resources.

47.    Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being

**FIRST CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to N.Y. Lab. Law § 195**
**(On Behalf of the Wage Statement Class)**

48.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

49.     Defendants do not provide Plaintiff and Wage Statement Class members with accurate itemized wage statements as required by N.Y. Lab. Law § 195(3).

50.     With each payment of wages, Defendants are required to provide Plaintiff and all Wage Statement Class members with an accurate statement listing each of the following categories of information:

      a.   The dates of work covered by that payment of wages;

      b.   Name of employee;

      c.   Name of employer;

      d.   Address and phone number of employer;

      e.   Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

      f.   Gross wages;

      g.   Deductions;

      h.   Allowances, if any, claimed as part of the minimum wage;

      i.   Net wages;

      j.   The regular hourly rate or rates of pay;

      k.   The overtime rate or rates of pay;

      l.   The number of regular hours worked; and

      m.  The number of overtime hours worked.

51.     The wage statements furnished by Defendants to all Wage Statement Class members, regardless of the job title, job duties, or location worked throughout the state of New York, lacks the employer's phone number as required by N.Y. Lab. Law § 195(3). This constitutes a per se violation of the law.

52.     As a result, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff and each Wage Statement Class member in the amount of $100 per wage statement violation per Wage Statement Class member, up to a maximum of $2,500 per Wage Statement Class member, together with attorneys' fees and costs.

53.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Violation of N.Y. Lab. Law § 190 *et seq.***
**Failure to Compensate for Off-the-Clock Work**
**(On Behalf of the Minimum Wage Class)**

54.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

55.     Defendants willfully engaged in and continue to engage in a policy and/or practice of not compensating Plaintiff and putative Minimum Wage Class members for all hours worked or spent in its control.

56.     This cause of action arises from Defendants' violation of N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (and any supporting regulations), for their failure to pay Plaintiff and Minimum Wage Class members for all of their time worked.

57.     Defendants violate N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* by failing to compensate Plaintiff and Minimum Wage Class members for work performed while off-the-clock.

58.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and Minimum Wage Class members suffer loss of income and other damages. Plaintiff and Minimum Wage Class members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

59.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Violation of the Minimum Wage Act, Article 19 of the N.Y. Lab. Law § 650 *et seq.***
**Failure to Pay Minimum Cash Wages to Tipped Food Service Workers**
**(On behalf of the Minimum Wage Class)**

60.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

61.    Prior to December 31, 2015, the minimum cash wage for tipped food service employees outside of New York City, Nassau County, Suffolk County, and Westchester County, prior to their receipt of tips, was no less than $5.00 per hour, with a maximum credit for tips ("tip credit") of $3.75, for a total of $8.75 per hour.

62.    Beginning December 31, 2015, the minimum cash wage for tipped food service employees outside of New York City, Nassau County, Suffolk County, and Westchester County, prior to their receipt of tips, was no less than $7.50 per hour, with a tip credit of $1.50, for a total of $9.00 per hour.

63.    Beginning December 31, 2016, the minimum cash wage for tipped food service employees outside of New York City, Nassau County, Suffolk County, and Westchester County, prior to their receipt of tips, was no less than $7.50 per hour, with a tip credit of $2.20, for a total of $9.70 per hour.

64.    Beginning December 31, 2017, the minimum cash wage for tipped food service employees outside of New York City, Nassau County, Suffolk County, and Westchester County, prior to their receipt of tips, was no less than $7.50 per hour, with a tip credit of $2.90, for a total of $10.40 per hour.

65.    Beginning December 31, 2018, the minimum cash wage for tipped food service employees outside of New York City, Nassau County, Suffolk County, and Westchester County,

prior to their receipt of tips, was no less than $7.50 per hour, with a tip credit of $3.60, for a total of $11.10 per hour.

66.     Beginning December 31, 2019, the minimum cash wage for tipped food service employees outside of New York City, Nassau County, Suffolk County, and Westchester County, prior to their receipt of tips, was no less than $7.85 per hour, with a tip credit of $3.95, for a total of $11.80 per hour.

67.     Beginning December 31, 2020, the minimum cash wage for tipped food service employees outside of New York City, Nassau County, Suffolk County, and Westchester County, prior to their receipt of tips, will be no less than $8.35 per hour, with a tip credit of $4.15, for a total of $12.50 per hour.

68.     The applicable minimum cash wage and tip credit totals for New York City, as well as Nassau, Suffolk, and Westchester Counties, were in excess of the general minimum wages stated above.

69.     By failing to pay Plaintiff and Minimum Wage Class members for all hours worked, including time worked while off-the-clock, Defendants fail to pay Plaintiff and Minimum Wage Class members at the applicable minimum wages for those hours that are not recorded.

70.     Defendants knowingly pay Plaintiff and Minimum Wage Class members less than the New York Minimum Wage Act and supporting regulations of the New York State Department of Labor require.

71.     Defendants' failure to pay Plaintiff and Minimum Wage Class members the minimum wage is willful within the meaning of N.Y. Lab. Law. § 663.

72.    As a result of Defendants' willful and unlawful conduct, Plaintiff and Minimum Wage Class members are entitled to an award of damages in amounts to be determined at trial, as well as attorneys' fees as provided by N.Y. Lab. Law § 663.

73.    Plaintiff and the Minimum Wage Class members also seek liquidated damages.

74.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## JURY DEMAND

75.    Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of Class members, requests the following relief:

1.    For an order certifying that the Causes of Action in this Complaint may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

2.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by New York Labor Law and all other applicable laws, rules, and regulations of New York;

3.    For a declaratory judgment that Defendants violated New York Labor Law and public policy as alleged herein;

4.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing, now and in the future, those violations of law herein alleged;

5.    For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, liquidated damages, treble damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest

-16-

on these amounts according to proof;

6.      For an order awarding Plaintiff and Class members civil penalties pursuant to the New York Labor Law, and the laws of the State of New York, with interest thereon;

7.      For an order awarding reasonable attorneys' fees as provided by the New York Labor Law, the laws of the State of New York, and/or other applicable law;

8.      For all costs of suit;

9.      For interest on any penalties awarded, as provided by applicable law; and

10.     For such other and further relief as this Court deems just and proper.

Date: July 14, 2020

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*/s/ John J. Nestico*
John J. Nestico (N.Y. SBN 1724020)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell*
David C. Leimbach*
Kristabel Sandoval*
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
ksandoval@schneiderwallace.com

William M. Hogg*
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

* - to apply for admission *Pro Hac Vice*

*Counsel for Plaintiff and Class Members*