UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TAYLOR LINK, individually and on
behalf of all others similarly situated,

                Plaintiff,

  -v-                        3:20-CV-805

MARSHALL HOTELS & RESORTS,
INC.; MARSHALL PAYROLL
SERVICES, LLC; OASIS
OUTSOURCING CONTRACT II, INC.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:  OF COUNSEL:

SCHNEIDER WALLACE COTTRELL  CAROLYN HUNT
   KONECKY LLP     COTTRELL, ESQ.
Attorneys for Plaintiff  DAVID CHRISTOPHER
2000 Powell Street Suite 1400     LEIMBACH, ESQ.
Emeryville, California 94608  KRISTABEL SANDOVAL, ESQ.

SCHNEIDER WALLACE COTTRELL  JOHN J. NESTICO, ESQ.
   KONECKY LLP
Attorneys for Plaintiff
6000 Fairview Road Suite 1200
Charlotte, North Carolina 28210

SCHNEIDER WALLACE COTTRELL  MICHAEL K. BURKE, ESQ.
   KONECKY LLP  WILLIAM M. HOGG, ESQ.
Attorneys for Plaintiff
3700 Buffalo Speedway Suite 300
Houston, Texas 94608

| | |
|---|---|
| JACKSON LEWIS P.C.<br>Attorneys for Defendants Marshall<br>   Hotels & Resorts, Inc. and<br>   Marshall Payroll Services, LLC<br>677 Broadway, Ninth Floor<br>Albany, New York 12207 | ALEXANDER SCOTT<br>   DAHLE, ESQ.<br>VINCENT E. POLSINELLI, ESQ. |
| FISHER, PHILLIPS LAW FIRM<br>Attorneys for Defendant Oasis<br>   Outsourcing Contract II, Inc.<br>430 Mountain Avenue<br>Murray Hill, New Jersey 07974 | DAVID B. LICHTENBERG, ESQ.<br>ERIC TADEUSZ BAGINSKI, ESQ. |

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

## I. INTRODUCTION

On July 14, 2020, Plaintiff Taylor Link ("Link" or "plaintiff") brought the present complaint alleging four claims under the New York Labor Law ("NYLL"). Specifically, plaintiff alleges that defendants Marshall Hotels & Resorts, Inc., Marshall Payroll Services, LLC (together "Marshall"), and Oasis Outsourcing Contract II, Inc. ("Oasis," and collectively "defendants") failed to provide accurate wage documentation, pay a proper minimum wage, and compensate employees for off-the-clock work.

On September 16, 2021, Oasis moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Link's claims against it in their entirety. To hear Oasis tell it, plaintiff's amended complaint—the current operative pleading—failed to allege that it employed her within the meaning

2

of the NYLL. That motion, having been fully briefed, will now be decided on the parties' submissions and without oral argument.

## II. BACKGROUND

From June 2017 to August 2017, Link worked as a bartender and waitress at the DoubleTree by Hilton Hotel in Binghamton, New York (the "hotel").[1] Dkt. 96 ("Compl."), ¶ 6. For its part, Marshall owns the hotel, and a chain of others like it. *Id.* ¶ 22. Across those hotels, Marshall employs hundreds of workers who are sheltered by labor protections, including the NYLL. *Id.*

Generally, Link complains that she and others like her have to work beyond their shifts to finish all the tasks expected of them. Compl. ¶ 36. However, plaintiff claims that she and her cohort would not be paid for that extra work. *Id.* She also alleges that when defendants first brought employees on board, they claimed an intention to pay their employees the minimum wage, rather than paying them a sub-minimum wage but allowing them to make up the difference through tips under the statutory "tip credit" scheme. *Id.* ¶ 39. In reality, though, she alleges that defendants would claim that tip credit nonetheless and pay their employees less than the minimum wage they had been promised. *Id.*

---

[1] The facts are taken entirely from plaintiff's amended complaint and any documents attached to it or incorporated into it by reference, all read in the light most favorable to her. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

Link further claims that defendants failed to provide their employees with accurate wage and hour statements in violation of the NYLL. Compl. ¶ 40. Those four allegations boil down to claimed violations of: (1) the requirement that employers provide accurate itemized wage statements under NYLL § 195; (2) the obligation to compensate employees off-the-clock work under NYLL § 663(1); (3) the applicable minimum wage under NYLL § 652; and (4) the NYLL's general recordkeeping requirements under § 195. Plaintiff also alleges that there are a class of similarly situated other employees who could all bring the same claims, though she has not yet moved for class certification at this early stage of litigation.

Although that preamble will suffice to explain Link's allegations writ large, telling the whole story for the present motion practice also requires some delving into Oasis's business model and how that related to plaintiff. To that point, on January 27, 2009, A-1 Contract Staffing II, LLC ("A-1") entered into an agreement with defendant Marshall Payroll Services, LLC. Dkt. 99-5 ("Agreement"), p. 2.[2] Functionally, that agreement split certain human resources and administrative responsibilities between Oasis and Marshall. *Id.*

---

[2] Pagination Corresponds with CM/ECF.

Under the terms of the agreement, A-1 would "maintain a right of direction and control over" Marshall employees and "retain authority to hire, terminate, discipline[,] and reassign" those employees. Agreement, ¶ II(C). A-1 would also pay the employees' wages and collect their taxes. *Id.* Obviously enough, handling those payroll functions required that A-1 keep copies of Marshall's employees' pay period records. *Id.* ¶ IX(B). But from a day-to-day, conditions-of-employment perspective, Marshall would retain "direction and control" over their employees. *Id.* ¶ II(C).

According to Link—and Oasis does not dispute this—Oasis assumed A-1's obligations under the January 27, 2009 agreement in 2015. Compl. ¶ 24. Plaintiff alleges that her relationship with Oasis looked much like the one that that agreement contemplated. Specifically, she alleges that Oasis: (1) hired her; (2) processed her tax forms; (3) provided payroll services; (4) maintained her employee records; (5) processed her termination; and (6) cut her paycheck. *Id.* ¶¶ 13, 23, 25-27. In addition, plaintiff alleges that Oasis completed her onboarding and orientation process, provided human resources training, and processed her direct deposit.[3] *Id.* ¶¶ 13, 26-27.

To Oasis's mind, those allegations are not enough to establish the employer/employee relationship essential to the NYLL's protections. To that

---

[3] Plaintiff alleges that each of these facts apply with equal force to the hypothetical class of plaintiffs.

end, Oasis moved on September 16, 2021 to be dismissed from this case under Rule 12(b)(6). Dkt. 99. This decision now follows.

## III. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That factual matter may be drawn from "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Importantly, "the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiff's favor." *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). If the complaint and its additional materials—when viewed through that pro-plaintiff lens—are not enough to raise the plaintiff's right to relief on a claim above the speculative level, that claim must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. DISCUSSION

Oasis' motion to dismiss ultimately turns on two arguments. First, Oasis argues that it was not Link's employer. Second, Oasis argues that plaintiff

improperly groups her pleadings against it in with her allegations against Marshall, leaving it uncertain as to what plaintiff alleges against it and what she alleges against Marshall.

On Oasis's first point, a plaintiff can only recover under the NYLL if she can prove that she was an "employee" and that defendant was her "employer." *Fermin v. Las Delicias Peruanas Rest.*, 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015). The definition of an employee-employer relationship under NYLL is not entirely dissimilar from that of the more familiar federal test under the Fair Labor Standards Act.[4] *See id.* One notable difference between the two, though, is that the NYLL "focuses more on 'the degree of control exercised by the purported employer'" rather than simply turning on "the economic reality of the situation." *Id.*

On a more granular level, in deciding whether there was an employee-employer relationship, New York's Court of appeals directs a court to consider whether: (1) the employee worked at her own convenience; (2) was free to find other employment; (3) received fringe benefits; (4) was on the employer's payroll; and (5) worked on a fixed schedule. *Bynog v. Cipriani Grp., Inc.*, 802 N.E.2d 1090, 1093 (N.Y. 2003).

---

[4] Though courts clearly find the two statutory schemes to be useful comparisons for each other, the exact degree of similarity between the two standards has not been entirely resolved. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 117-18 (2d Cir. 2013) (noting that New York's Court of Appeals has not determined similarity between NYLL and Fair Labor Standards Act).

7

However, courts in New York also typically consider other factors. *See Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 923-24, 926 (S.D.N.Y. 2013) (collecting cases describing other factors relied on to determine employer/employee relationship). In particular, federal courts applying the NYLL have also tended to lean heavily on the Second Circuit's four-factor test in *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984), which considers the employer's power to: (1) hire and fire employees; (2) supervise and control work schedules and conditions of employment; (3) determine the rate and method of payment; and (4) maintain employment records.

All of those factors are ultimately just pathways to the question truly at the heart of the employer/employee relationship under the NYLL: did the purported employer exert sufficient control "over the results produced [by the purported employee] or the means used to achieve the results." *Bynog*, 802 N.E.2d at 1092-93.

Link has covered three of the *Carter* factors, 735 F.2d at 12, and one of the *Bynog* factors, 802 N.E.2d at 1093, by alleging that Oasis hired her, fired her, paid her, managed her direct deposit, and kept her financial records, Compl. ¶¶ 13, 23, 25-27. What is more, the agreement—upon which Oasis heavily relies—squarely supports that those functions were intentional features of Oasis and Marshall's business relationship. Agreement, ¶¶ II(C),

8

IX(B). Those allegations provide substantial support for the notion that plaintiff was an employee not only of Marshall, but of Oasis.

Cutting to the quick, Link's allegations also offer some support for the ultimate issue of Oasis's control over the results plaintiff produced and the means she used to achieve them. *Bynog*, 802 N.E.2d at 1092-93. The agreement and complaint both contemplate Oasis disciplining, reassigning, and even terminating hotel employees, all of which demonstrate that essential control. *Id.*; Agreement, ¶ II(C). Reading the complaint and agreement in the light most favorable to plaintiff, the Court is satisfied that Oasis exerted enough control over plaintiff's employment to qualify as her employer, at least for the purposes of a motion to dismiss. *Fermin*, 93 F. Supp. 3d at 34 (noting that degree of control is essential to employment inquiry).

Oasis may counter that Marshall had more direct control over Link and the hotel employees' day-to-day lives than Oasis did. Judging by the terms of the agreement, that may very well be true. *See* Agreement ¶ II(C) (noting that Marshall would "have control over the day-to-day job duties" of hotel employees). But plaintiff need only allege that Oasis employed her, she does not need to allege that it was her sole employer or the one that exhibited the most control over her. Plaintiff has met her initial burden of plausibly

9

alleging that Oasis employed her, and that is all that is required of her to survive Oasis's Rule 12(b)(6) motion.

The rest of Oasis's arguments are similarly unpersuasive. Defendant primarily cites to courts in other Circuits ruling on summary judgment that defendants with business models like Oasis's are not employers under other states' protections for hourly workers. Between the different procedural posture and the different rights at issue in this case, those cases are largely beside the point.

The one exception is *Shetty v. SG Blocks, Inc.*, in which the Eastern District of New York held that another Oasis entity was not its plaintiff's employer. 2020 WL 3183779, at *6-7 (E.D.N.Y. June 15, 2020). But despite how clearly that case seems to line up with these facts at first blush, *Shetty* is inapposite nonetheless. In that case, the Court specifically relied on the fact that its "[p]laintiff ha[d] not alleged that as a practical matter, Oasis had the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, or maintained employment records." *Id.* at *6.

Link has alleged each of those things against Oasis, except for its ability to control employee work schedules. Compl. ¶¶ 13, 23, 25-27. And contrary to Oasis's argument, those allegations are not merely conclusory. Plaintiff has not simply claimed that Oasis employed her and rested on that alone.

10

Instead, she alleged specific facts about Oasis's capacity to influence her employment. That is enough to meet her initial burden.[5] *See, e.g., Racewicz v. Alarm Processing Sys., Inc.*, 2014 WL 4417354, at *3 (E.D.N.Y. Sept. 8, 2014) (finding allegations that established defendant's capacities to control conditions of plaintiff's employment not conclusory, because conclusory statement would simply be restating legal standard).

Second, the Court is similarly unmoved by Oasis's argument that Link improperly relied on group pleadings. In the abstract, of course, "plaintiffs cannot simply lump defendants together for pleading purposes" but must instead provide each defendant with fair notice of the claims it faces. *Fallon v. 18 Greenwich Avenue, LLC*, 2021 WL 1105066, at *2 (S.D.N.Y. Mar. 23, 2021) (internal citations and quotation marks omitted). But "[i]n the labor law context, courts have entertained group pleading arguments only with respect to allegations concerning whether particular defendants constitute 'employers.'" *Id.* at *3.

There is no need to rehash Oasis's just-discarded arguments concerning Link's allegations that Oasis was one of her employers. As a consequence, there is no need to "entertain" Oasis's other arguments concerning plaintiff's

---

[5] In any case, the agreement itself specifically bestows the powers defendant alleges on Oasis, so it can hardly object that they are mere legal conclusions with no basis in fact. Agreement ¶¶ II(C), IX(B).

11

group pleadings. *Fallon*, 2021 WL 1105066, at *3. Both of Oasis's arguments must therefore be rejected, and its motion to dismiss denied.

## V. CONCLUSION

At this juncture, Link has plausibly alleged that Oasis was one of her employers within the meaning of the NYLL. That settles the matter for now and requires Oasis to remain in this case at least through discovery. Of course, the exchange of documents and interrogatories might reveal that Oasis's role was more hands-off and muted than the agreement and plaintiff's complaint suggests. But that is an issue for summary judgment.

Therefore, it is

ORDERED that

1. Defendant Oasis Outsourcing Contract II, Inc.'s motion to dismiss is DENIED; and

2. Defendant Oasis Outsourcing Contract II, Inc. must answer the amended complaint no later than Monday, November 8, 2021.

IT IS SO ORDERED.

Dated: October 29, 2021
       Utica, New York.

David N. Hurd
U.S. District Judge