```
*UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAYLOR LINK, Individually and on
behalf of all others similarly situated,

                    Plaintiff,

          -v-                          3:20-CV-805

MARSHALL HOTELS & RESORTS,
INC., and MARSHALL PAYROLL
SERVICES, LLC,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge
```

# ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING CLASS NOTICE

On July 14, 2020, named plaintiff Taylor Link ("Link" or the "named plaintiff") filed this putative class action alleging her former employer, defendants Marshall Hotels & Resorts, Inc. and Marshall Payroll Services, LLC ("Marshall" or "defendants"), violated New York Labor Law ("NYLL") by, *inter alia*, failing to properly compensate her and other employees for certain time worked at defendants' hotel in Binghamton, New York.[1]

---

[1] The named plaintiff later filed an amended complaint. Dkt. No. 96. And although the pleading initially named Oasis Outsourcing Contract II, Inc. as a defendant, that entity was later dismissed by stipulation. Dkt. No. 152.

On December 13, 2022, the parties notified the Court they had reached a settlement. Dkt. No. 159. Link now moves for: (1) preliminary certification of the proposed class; (2) preliminary approval of the proposed settlement; (3) approval of the class notice; and (4) an Order scheduling a Final Approval Hearing and related deadlines. Dkt. No. 160. The motion is unopposed. *Id*.

Upon consideration of Link's memorandum of law and supporting exhibits, and after reviewing the parties' Settlement Agreement and the attached Class Notice materials, it is

ORDERED that

1. The unopposed motion for preliminary approval of the class action settlement (Dkt. No. 160) is GRANTED;

2. The Court FINDS, on a preliminary basis, the settlement memorialized in the parties' Settlement Agreement (Dkt. No. 160-2) falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval as required by Federal Rule of Civil Procedure 23(e) and other applicable laws;

3. Preliminary approval of the Settlement Agreement is GRANTED;

4. For settlement purposes only, the following Settlement Class is CERTIFIED pursuant to the Settlement Agreement and FED. R. CIV. P. 23:

> all individuals who are or were employed by Defendants at the DoubleTree by Hilton Hotel Binghamton ("Hotel"), located at 225 Water Street,

    Binghamton, New York 13901, who worked as front of house tipped service employees at the Hotel's restaurant and bar from July 14, 2014 to December 5, 2022.

 5. For settlement purposes only, named plaintiff Taylor Link is APPOINTED as Class Representative;

 6. For settlement purposes only, the law firm of Schneider Wallace Cottrell Konecky LLP ("SWCK") is APPOINTED as Class Counsel;

 7. The parties are AUTHORIZED to select a qualified third-party settlement administrator to perform the duties of the Settlement Administrator in accordance with the terms of the Settlement Agreement;

 8. The proposed Class Notice is FOUND to be the best practicable means of providing notice under the circumstances of this case and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of New York, and all other applicable laws;

 9. The Court FINDS that the Class Notice is accurate, objective, and informative, and provide Class Members with the information necessary to make an informed decision regarding their participation in the settlement;

10. The Settlement Administrator is AUTHORIZED to mail the Class Notice to the Class Members as provided for in the Settlement Agreement;

11. The Settlement Administrator must mail the Class Notice to the Class Members NO LATER THAN fifteen (15) days after the entry of this Order;

12. Class Members who wish to opt out of the settlement must SUBMIT their written Opt-Out Statement NO LATER THAN sixty (60) days after the Settlement Administrator mails the Class Notice to the Class Members;

13. Any written objection to the settlement must be SUBMITTED to the Settlement Administrator NO LATER THAN sixty (60) days after the Settlement Administrator mails the Class Notice to the Class Members;

14. This matter is STAYED other than as set forth in this Order;

15. Named Plaintiff and Defendants are ORDERED to carry out and effect the settlement in accordance with the terms of the Settlement Agreement;

16. The named plaintiff shall file her motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, costs, and expenses, and named plaintiff's service award ON OR BEFORE **Friday, June 2, 2023**;

17. The Final Approval Hearing will be held on Tuesday, **June 13, 2023 at 1:00 p.m. in Utica, New York**; and

18. The Final Approval Hearing may be continued without further notice to Class Members.

The Clerk of the Court is directed to set deadlines accordingly and terminate the pending motion.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: March 6, 2023
       Utica, New York.