UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAYLOR LINK, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MARSHALL HOTELS & RESORTS, INC.; MARSHALL PAYROLL SERVICES, LLC; and OASIS OUTSOURCING CONTRACT II, INC.<br><br>        Defendants. | Case No. 3:20-cv-00805-DNH-ML<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PROPOSED ATTORNEYS' FEES AND COSTS AND PLAINTIFF'S SERVICE AWARD** |

      Plaintiff Taylor Link's Motions for Final Approval of Class Action Settlement and Approval of Proposed Attorneys' Fees and Costs and Plaintiff's Service Award came on for hearing on July 25, 2023 at 1:00 p.m. in the above-captioned Court, Honorable David N. Hurd presiding. Defendants Marshall Hotels & Resorts, Inc. and Marshall Payroll Services, LLC did not oppose these Motions.

      In this action, Plaintiff alleges causes of action under the New York Labor Law ("NYLL") on behalf of herself and similarly situated food-service workers employed by Defendants at the DoubleTree by Hilton Hotel Binghamton as front of house tipped service employees between July 14, 2014 to December 5, 2022. Plaintiff alleges that Defendants failed to provide her and the Class Members with compensation for all hours worked and wage records containing all information required under the NYLL.

      After extensive investigation and discovery, the parties entered into settlement discussions around July 25, 2022. The parties conducted a formal mediation session on December 5, 2022 with the assistance of mediator Michael Russell of Miles Mediation & Arbitration. As a result of the

mediation, the parties reached an agreement on the terms of a settlement. The parties then drafted and executed the Settlement Agreement and Release ("Settlement"), which was fully executed on February 7, 2023. (Dkt. 160-2).

A hearing was held before this Court for Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Proposed Notice (Dkt. 160). The Court granted the Motion on March 6, 2023. (Dkt. 164). Before the Court is the last stage of the settlement-approval process: final approval of the Settlement. Plaintiff has separately moved for approval of attorneys' fees and costs and a service award for her contributions as Class Representative.

At the final approval hearing, Jackson Lewis P.C. appeared for Defendants, and Schneider Wallace Cottrell Konecky LLP appeared for Plaintiff and the Class.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court has jurisdiction over the claims of the Rule 23 Class Members asserted in this proceeding and over all parties to this action.

2. The Court finds that zero Class Members have objected to the Settlement and zero Class Members have requested exclusion from the Settlement.

3. The Court hereby GRANTS FINAL APPROVAL of the terms and conditions set forth in the Settlement. The Court finds that the terms of the Settlement are within the range of approval under Federal Rule of Civil Procedure 23 and the applicable law.

4. The Court finds that: (1) the Gross Settlement Amount of $330,500 (as defined in ¶ 3.1 of the Settlement) is fair and reasonable when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that

counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the Settlement has been reached as the result of serious, non-collusive negotiations between the parties.

5. The Court hereby makes final its earlier preliminary certification of the Class for purposes of this Settlement only. The Class is defined as:

> All individuals who are or were employed by Defendants at the DoubleTree by Hilton Hotel Binghamton ("Hotel"), located at 225 Water Street, Binghamton, New York 13901, who worked as front of house tipped service employees at the Hotel's restaurant and bar from July 14, 2014 to December 5, 2022.

6. The Court hereby FINALLY APPOINTS Plaintiff Taylor Link as Class Representative.

7. The Court hereby FINALLY APPOINTS Schneider Wallace Cottrell Konecky LLP ("SWCK") as Class Counsel. The Court hereby FINALLY APPOINTS the Legal Aid Society of Mid-New York, Inc. as the Cy Pres recipient. The Court finds that the approved Notice (submitted to the Court at Dkt. 160-2, pp. 32–36) constitutes the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notice fully and accurately informs the Class Members of all material elements of the Settlement, of their right to be excluded from the Settlement, and of their right to object to the Settlement. A full opportunity has been afforded to the Class Members to participate in this hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members, since none timely executed a request for exclusion, are bound by this Order and the Judgment.

8.     The Court hereby confirms the appointment of ILYM Group, Inc. as Settlement Administrator and approves its reasonable administration costs of $10,000.00, which are to be paid from the total Settlement.

9.     Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the following implementation schedule:

| | |
|---|---|
| Final Effective Date | 35 days after Court has entered Final Approval Order (if no appeal has been filed within required time); or, if an appeal is filed, the day after all appeals are finally resolved in favor of final approval. |
| Deadline for Defendants to deposit the Gross Settlement Amount into ILYM's escrow account | 5 days after Final Effective Date. |
| Deadline for ILYM to distribute Settlement Checks to Authorized Claimants | Within 20 days after Final Effective Date. |
| Deadline for ILYM to distribute Court-approved attorneys' fees and costs, Plaintiff's Court-approved Service Award, and its own settlement administration fees | Within 20 days after Final Effective Date. |
| Check-cashing deadline | 180 days after issuance. |
| Deadline to cash re-issued checks upon notice and confirmation that original check was not received | 90 days after re-issuance. |
| Deadline for ILYM to confirm administration of settlement has been completed to all parties and the Court | As soon as practicable after expiration of re-issued check cashing deadline and completion of any *cy pres* donation of remaining funds. |

10.     With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are hereby barred.

11.     The Court permanently enjoins any Class Members who did not timely opt out from the Settlement from pursuing or seeking to reopen any Released Claims (as defined in ¶ 1.23 of the Settlement) against any of the Released Parties (as defined in ¶ 1.24 of the Settlement).

12.     The Court DISMISSES the above-captioned action with prejudice and will enter Judgment consistent with the Settlement and this Order to so dismiss the action and permanently enjoin and bar all Class Members who did not opt out of the Settlement from prosecuting any

Released Claims (as defined in ¶ 1.23 of the Settlement) against any of the Released Parties (as defined in ¶ 1.24 of the Settlement).

13. The Court shall retain jurisdiction to enforce the terms of the Settlement.

14. The Court APPROVES Class Counsel's request for attorneys' fees and costs in the amount of $230,500.00. This amount is reasonable and justified considering the time and labor expended by counsel, the magnitude and complexities of the litigation, the risk of the litigation, the quality of representation, the requested fee in relation to the settlement, and public policy considerations.

15. The Court FINALLY APPROVES a service award of $5,000.00 for Plaintiff Taylor Link and finds that this award is fair and reasonable for the work Plaintiff provided to the Class and the broader release she executed than the Class Members.

**IT IS SO ORDERED.**

IT IS SO ORDERED:

_____
David N. Hurd
U.S. District Judge

Dated: 07-27-2023